```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Sell Jefferson,                  :

            Plaintiff,           :     Case No. 2:16-cv-0369

     v.                          :     JUDGE EDMUND A. SARGUS, JR.

Gary C. Mohr, et al.,            :     Magistrate Judge Kemp

            Defendants.          :
```

## REPORT AND RECOMMENDATION

Plaintiff, Sell Jefferson, filed this pro se lawsuit against Gary C. Mohr, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Andre Imbrogno, Chairman of the Ohio Adult Parole Authority ("OAPA"), Jason Bunting, Warden of Marion Correctional Institution ("MCI"), and Cynthia Mauser, Chief of the OAPA. This matter is now before the Court on the defendants' motion to dismiss (Doc. 11) and Mr. Jefferson's motion for a leave to file a supplemental reply (Doc. 14). The motions are now ripe for decision. For the following reasons, it will be recommended that both motions be granted.

## I. Background

The Court will presume the facts pleaded in Mr. Jefferson's complaint to be true for purposes of deciding whether he has stated a claim for relief. The facts can be summarized as follows. In separate trials in 1975, Mr. Jefferson was convicted of aggravated robbery and then aggravated murder. At the first trial he was sentenced to 7-25 years' incarceration. Following the subsequent murder conviction he was sentenced to life imprisonment, and was required to serve 15 years before being eligible for parole. Doc. 3, Ex. C. According to Mr. Jefferson, the ODRC and the OAPA failed to properly execute the two sentences together, which caused him to be granted parole on

January 20, 1981, and he was then granted a final release on February 11, 1982. Doc. 3 at 3; Doc. 14 at 2. He was later convicted of another crime and sentenced on November 19, 1985 to 7-15 years, to be served concurrent with his life sentence. At this time Mr. Jefferson was assigned a new inmate number, 187-975 (his previous inmate number had been 142-653). Complaint, Ex. E. Mr. Jefferson claims that he should have been granted a parole eligibility hearing in 1989, but was not granted a hearing until 2000, which was approximately 26 years after the 1975 life sentence was imposed. Id. Ex. F-G. He also claims that he was not given credit for his time served between 1975-1981 towards the 1985 sentence. Mr. Jefferson believes that the ODRC and/or the OAPA erroneously ordered him to serve 15 years to life beginning in 1985 under the new inmate number, rather than crediting him with time served for the 1975 conviction. Doc. 14 at 2-3. He challenges the retroactive application of 1998 parole release regulations, which he claims have unfairly delayed his eligibility for a parole hearing.

   Mr. Jefferson does not allege the personal involvement of any of the named defendants, and is suing them in their official and individual capacities. He seeks injunctive relief, asking the Court to direct the defendants to hold an immediate parole eligibility hearing and to get credit for his time served for the 1975-1981 sentence toward his 1985 sentence. He also seeks to order the defendants to reassign him the inmate number 142-653.

## II.  Legal Standard

   A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.

2009).  A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. <u>Roth Steel Products v. Sharon Steel Corp.</u>, 705 F.2d 134, 155 (6th Cir. 1983).  The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.  Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  <u>See Rauch v. Day & Night Mfg. Corp.</u>, 576 F.2d 697, 702 (6th Cir. 1978).  Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  5A Wright & Miller, <u>Federal Practice and Procedure</u> § 1356 (1990).  The moving party is entitled to relief only when the complaint fails to meet this liberal standard.  <u>Id</u>.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988).  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under <u>some</u> viable legal theory."  <u>Id</u>. (emphasis in original, quotes omitted).

> "[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

<u>Id</u>. As Mr. Jefferson is a <u>pro se</u> litigant, his filings with the court shall be liberally construed and held to less stringent standards than documents filed by qualified lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). It is with these standards in mind that the motion to dismiss will be decided.

III.  Discussion

Mr. Jefferson alleges that he is entitled to an immediate parole hearing, additional credit for time served towards his sentence, and to be re-assigned the inmate number from his 1975 conviction.  The Court construes this as a claim under 42 U.S.C. §1983 for violation of his Fourteenth Amendment right to due process.  To establish a prima facie claim under §1983, a plaintiff must satisfy two elements: (1) that defendants acted under color of state law, and (2) that defendants deprived plaintiff of a federal statutory or constitutional right.  See, e.g., Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 33 (6th Cir. 1992) (per curiam).  Conclusory allegations are insufficient to state a claim under §1983.  Rhodes v. Chapman, 452 U.S. 337 (1981).

It will be assumed for the purposes of this analysis that the defendants were/are acting under color of state law.  The defendants raise five arguments in support of their motion to dismiss: (1) the official capacity claims are barred by Eleventh Amendment immunity; (2) the claims are not cognizable under §1983; (3) the claims are time barred; (4) there was no alleged personal involvement by any of the defendants in relation to the claim; and (5) the defendants are entitled to qualified immunity.

A.  Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution bars suits against either a state or agencies of a state by citizens of that state.  Edelman v. Jordan, 415 U.S. 651 (1974). Under certain circumstances, a suit against an individual state official may nonetheless be deemed to be a suit against the state and therefore barred by the Eleventh Amendment.  The primary test for determining whether the state is the real party in interest in a suit is whether the source of any funds from which a damage award would be paid would be the state treasury.  Edelman, supra.

Additionally, if an individual is alleged to have only vicarious liability as a result of his official position, any damage award made (if one were permissible) would necessarily be against the office rather than the officeholder and therefore be an award against the state.  See Ford Motor Co. v. Department of the Treasury, 323 U.S. 459 (1945); see also Hall v. Medical College of Ohio, 742 F.2d 299 (6th Cir. 1984), cert. denied 469 U.S. 1113 (1985).  When a suit is barred by the Eleventh Amendment, the Court lacks jurisdiction over it and it must be dismissed without prejudice.  Cf. Gwinn Area Comm. Schools v. State of Michigan, 741 F.2d 840, 846-47 (6th Cir. 1984).

    The defendants argue that the claim against them in their official capacities is really a claim against the state of Ohio, and is thus barred.  However, while this applies to monetary damages, Mr. Jefferson only seeks injunctive relief.  The Eleventh Amendment does not preclude suits seeking prospective injunctive or declaratory relief against state officials.  Cox v. Kentucky Dept. Of Transp., 53 F.3d 146, 152 n. 2 (6th Cir. 1995), citing Thiokol Corp. v. Dept. of Treasury, 987 F.2d 376 (6th Cir. 1993). For this reason, the Court rejects the defendants' Eleventh Amendment argument.

### B. Statute of Limitations

    Because 42 U.S.C. §1983 does not proscribe its own statute of limitations, federal courts apply the forum state's statute of limitations period, which for Ohio is the two year statute of limitations found in O.R.C. §2305.10.  Browning v. Pendleton, 869 F.2d 989.992 (6th Cir. 1989).  The statute of limitations begins to run at the time when a plaintiff knew or should have known of the injury which forms the basis of his claims. See Ruff v. Runyon, 258 F.3d 498, 501 (6th Cir. 2001).  Mr. Jefferson does not challenge the validity of his convictions, but what he deems to be an untimely parole eligibility hearing.  He argues that he should have had a hearing in 1989.  Accepting this as true, Mr. Jefferson should have filed his lawsuit sometime in 1991.  Mr.

Jefferson was ultimately given a parole eligibility hearing in 2000, 26 years after his initial life sentence.  Even if it could be successfully argued that Mr. Jefferson's cause of action accrued in 2000, he would have been required to file his lawsuit by 2002.  He also raises the fact that his inmate number should be changed to the inmate number assigned to him following his 1975 conviction, implying that his assigned inmate number has or had an effect on the length of his sentence and credit for time served toward his sentence.  Mr. Jefferson was assigned the new inmate number in 1985, which would have meant that any lawsuit in relation to the new inmate number would be required to be filed in 1987.  In relation to receiving credit for time served, this also would have been manifest to Mr. Jefferson many years prior to the filing of this lawsuit.  Thus, because the Court finds that Mr. Jefferson's claims are clearly time-barred, it need not address the defendants' remaining arguments in support of their motion to dismiss.

## IV. Recommendation

For the foregoing reasons, Court recommends that Mr. Jefferson's motion for leave to file a supplemental reply (Doc. 14) and defendants' motion to dismiss (Doc. 11) be granted and this case be dismissed.

## V. Procedure on Objections

If any party objects to this Report and Recommendation,

-6-

that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the

magistrate judge with instructions. 28 U.S.C. §636(b)(1). The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

                                               /s/ Terence P. Kemp
                                               United States Magistrate Judge