UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SELL JEFFERSON,

    Plaintiff,

v.

GARY C. MOHR, et al.,

    Defendants.

Case No. 2:16-cv-369
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Plaintiff Sell Jefferson's Objection [ECF No. 18] to the United States Magistrate Judge's recommendation [ECF No. 15] that the Court grant Defendants' Motion to Dismiss [ECF No. 11].[1] For the following reasons, Plaintiff's Objection is **OVERRULED**.

### I.

Plaintiff brings this action pro se against Defendants Gary C. Mohr, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Andre Imbrogno, Chairman of the Ohio Adult Parole Authority ("OAPA"), Jason Bunting, Warden of the Marion Correctional Institution ("MCI"), and Cynthia Mauser, Chief of the OAPA. (Compl. at 1 [ECF No. 3].) Plaintiff's action stems from his conviction in 1975, in two separate trials, for aggravated robbery and aggravated murder. (*See id.* at 3.) On the aggravated robbery conviction, Plaintiff was sentenced to prison for 7 to 25 years. (*Id.*) And on the aggravated murder conviction, Plaintiff was sentenced to life imprisonment with parole eligibility after 15 years. (*Id.*) For

---

[1] The Magistrate Judge also recommends granting Plaintiff's Motion for Leave [ECF No. 14] to file a supplemental reply. Plaintiff does not object to that recommendation.

reasons not fully explained in the Complaint, Plaintiff alleges that he was paroled in 1981 and granted a final release in 1982. (*Id.*) Plaintiff was convicted of another crime in 1985 and sentenced to 7 to 15 years; this sentence was to be served concurrent with his life sentence from 1975. (*Id.* at 3–4.) Plaintiff alleges that his incarceration from 1975 through 1981 has not been credited toward his life sentence. (*See id.* at 6.) And he further alleges that the OAPA held his parole eligibility hearing 11 years late—in 2000 rather than 1989. (*Id.* at 4.) Plaintiff, accordingly, requests that his incarceration from 1975 through 1981 be credited toward his life sentence and that he receive an immediate parole eligibility hearing. (*Id.* at 6.) Plaintiff also requests that he be reassigned prison number 142-653, the number he received when he entered prison in 1975. (*Id.*) Plaintiff alleges that he received a different prison number, 187-975, when he returned to prison in 1985. (*Id.* at 4.)

In his Report and Recommendation, the Magistrate Judge construed Plaintiff's Complaint as alleging claims under 42 U.S.C. § 1983 for violations of Plaintiff's Fourteenth Amendment right to due process. (Report & Recommendation at 4 [ECF No. 15].) The Magistrate Judge concluded, however, that Plaintiff's claims were barred by the two-year statute of limitations applicable to § 1983 claims brought in Ohio. (*See id.* at 5–6.) As the Magistrate Judge explained:

> Mr. Jefferson does not challenge the validity of his convictions, but what he deems to be an untimely parole eligibility hearing. He argues that he should have had a hearing in 1989. Accepting this as true, Mr. Jefferson should have filed his lawsuit sometime in 1991. Mr. Jefferson was ultimately given a parole eligibility hearing in 2000, 26 years after his initial life sentence. Even if it could be successfully argued that Mr. Jefferson's cause of action accrued in 2000, he would have been required to file his lawsuit by 2002. He also raises the fact that his inmate number should be changed to the inmate number assigned to him following his 1975 conviction, implying that his assigned inmate number has or had an effect on the length of his sentence and credit for time served toward his sentence. Mr. Jefferson was assigned the new inmate number in 1985, which would have meant that any lawsuit in relation to the new inmate number would be required to be filed in 1987. In relation to receiving credit for time served, this

also would have been manifest to Mr. Jefferson many years prior to the filing of this lawsuit.

(*Id.*) Based on this analysis, the Magistrate Judge recommends that the Court grant both Defendants' Motion to Dismiss [ECF No. 11] and Plaintiff's Motion for Leave [ECF No. 14] to file a supplemental reply. (*Id.* at 6.)

Plaintiff now objects to the recommendation that his claims be dismissed.

## II.

### A. Standard of Review

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1)(C) provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3); *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Such an action will be dismissed where "there is no law to support the claims made" or where "the facts alleged are insufficient to state a claim." *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, No. 2:12-cv-299, 2013 WL 4517825, at *3 (S.D. Ohio Aug. 26, 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's well-pleaded factual allegations as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

To state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint meets this standard if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim, in turn, "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 557). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When, as here, a litigant proceeds pro se, the Court construes his pleadings liberally and holds them to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Pro se litigants, however, must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**B.     Plaintiff's Objection**

As the Magistrate Judge correctly stated, a two-year statute of limitations applies to Plaintiff's § 1983 claims. *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). Plaintiff argues, however, that the statute of limitations does not bar his claims because he "has been constantly litigating [these issues] since 1986." (Obj. at 4 [ECF No. 18].) Plaintiff contends, in other words, that he has complied with the statute of limitations through his prior litigation in other courts. (*See id.* (asserting that Plaintiff "was in courts [during] the times the Magistrate

4

states").) Plaintiff identifies numerous lawsuits that he has filed in state and federal courts since 1987. (*Id.* at 4–5.) Plaintiff vaguely references some of the claims that he brought in the prior lawsuits. (*See id.*) And he provides a terse explanation of how each of the lawsuits was resolved. (*See id.*)

To the extent that Plaintiff raised any of his current claims in a prior lawsuit, that fact would not advance Plaintiff's position. Rather, Plaintiff's prior litigation of a claim that he brings in the current case could expose the claim to dismissal on res judicata grounds. *See ABS Indus., Inc. v. Fifth Third Bank,* 333 F. App'x 994, 998 (6th Cir. 2009) (A federal court "'must give the same preclusive effect, under the doctrines of res judicata and collateral estoppel, to state court judgments that those judgments would receive in courts of the rendering state.'" (quoting *Ingram v. City of Columbus,* 185 F.3d 579, 593 (6th Cir. 1999))).

Critically though, and regardless of whether Plaintiff raised any of his current claims in prior cases, none of the prior cases resolves the issue at hand: whether the claims Plaintiff brings *in this lawsuit* before this Court are barred by the applicable two-year statute of limitations. And on this dispositive issue, Plaintiff offers no explanation for the delay in bringing the present lawsuit except that he was already litigating in other courts. (*See* Obj. at 4–5.) Plaintiff, however, does not appear to argue that the statute of limitations should have been tolled during the pendency of his prior cases. (*See id.*) Nor does Plaintiff offer any legal authority to support such an argument. (*See id.*) Plaintiff's Objection lacks merit.

### III.

For these reasons, the Court **OVERRULES** Plaintiff's Objection [ECF No. 18] and **ADOPTS AND AFFIRMS** the Magistrate Judge's Report and Recommendation [ECF No. 15] recommending that the Court grant both Defendants' Motion to Dismiss [ECF No. 11] and

Plaintiff's Motion for Leave [ECF No. 14] to file a supplemental reply. Plaintiff's claims are, accordingly, **DISMISSED**.

    **IT IS SO ORDERED.**

7-13-2017
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**